

**U.S. Department of Justice**

United States Attorney
District of New Jersey

---

PHILIP R. SELLINGER
UNITED STATES ATTORNEY

Sarah A. Sulkowski
Assistant United States Attorney

*970 Broad Street, Suite 700*   *main:* (973) 645-2700
*Newark, NJ 07102*   *direct:* (973) 297-2086
*sarah.sulkowski@usdoj.gov*   *fax:* (973) 297-2010

March 29, 2022

**Via E-Mail**

Matthew S. Adams, Esq.
Fox Rothschild LLP
49 Market Street
Morristown, New Jersey 07960
MAdams@foxrothschild.com

R E C E I V E D

MAY 1 6 2022

AT 8:30_____ M
WILLIAM T. WALSH
CLERK

Re:   Plea Agreement with Timothy Gibson     Cr. 20-441-01 (FLW)

Dear Mr. Adams:

This letter sets forth the full and complete plea agreement between your client, Timothy Gibson ("Gibson"), and the United States Attorney for the District of New Jersey ("this Office"). The Government's offer to enter into this plea agreement will expire on **April 5, 2022** if it is not accepted in writing by that date.

Charge



Conditioned on the understandings specified below, this Office will accept a guilty plea from Gibson to Count One of the Indictment, which charges him with conspiracy to commit wire fraud contrary to 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349. If Gibson enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all the terms of this agreement, this Office will not initiate any further criminal charges against Gibson for committing wire fraud against the victim company (the "Credit Card Company"), or conspiring to do so, from in or about January 2014 through in or about May 2016. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Gibson agrees that any dismissed

charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Gibson may be commenced against him, notwithstanding the expiration of the limitations period after Gibson signs the agreement.

<u>Sentencing</u>

The violation of 18 U.S.C. § 1349 to which Gibson agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest. This Office will not oppose a motion by Gibson to be sentenced in this case to a term of imprisonment to run concurrently with any sentence to be imposed in the case currently pending against Gibson in the District of Utah.

The sentence to be imposed upon Gibson is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge or as to what sentence Gibson ultimately will receive.

Further, in addition to imposing any other penalty on Gibson, the sentencing judge: (1) will order Gibson to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Gibson to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*; and (3) pursuant to 18 U.S.C. § 3583(b)(3), may require Gibson to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Gibson, while on supervised release, violate any of the conditions of supervised release, he may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of any statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

2

In addition to the foregoing, and pursuant to 18 U.S.C. § 3663(a)(3), Gibson agrees to pay restitution in the amount of $117,068 to the Credit Card Company. Gibson agrees that the total amount of restitution reflected in this agreement results from his fraudulent conduct.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Gibson by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Gibson's activities and relevant conduct with respect to this case.

Stipulations

This Office and Gibson agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Gibson from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

3

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Gibson waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Immigration Consequences

Gibson understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Gibson understands that any immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Gibson wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Gibson understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Gibson waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Gibson. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against Gibson.

4

No provision of this agreement shall preclude Gibson from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Gibson received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the plea agreement between Gibson and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By: SARAH A. SULKOWSKI
Assistant U.S. Attorney

APPROVED:

JAMES DONNELLY
Chief, Organized Crime/Gangs Unit

5

I have received this letter from my attorney, Matthew S. Adams, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, restitution, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_Tim Gibson_                          Date: _____4/5/22_____
Timothy Gibson


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, restitution, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____              Date: _4/11/22_____
Matthew S. Adams, Esq.
Counsel for Defendant

6

<u>Plea Agreement with Timothy Gibson</u>
<u>Schedule A</u>

1. The United States Attorney's Office for the District of New Jersey ("this Office") and Timothy Gibson ("Gibson") recognize that the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G.") are not binding upon the Court. This Office and Gibson nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2021 applies in this case. The applicable Guideline is U.S.S.G. § 2B1.1.

3. Pursuant to U.S.S.G. § 2B1.1(a), the base offense level is 7, because the offense is punishable by a maximum term of imprisonment of 20 years.

4. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(H) applies, because the offense caused a loss of $1,120,068, resulting in a 14-level increase.

5. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(2)(A)(ii) applies, because the offense was committed through mass marketing, resulting in a 2-level increase.

6. As of the date of this letter, it is expected that Gibson will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and Gibson's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

7. As of the date of this letter, it is expected that Gibson will assist authorities in the investigation and prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the Court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Gibson's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Gibson enters a plea pursuant to this agreement; (b) this Office in its discretion determines that Gibson's acceptance of responsibility has continued through the date of sentencing and Gibson therefore qualifies for a 2-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a), and (c) Gibson's offense level under the Guidelines prior to the operation of U.S.S.G. § 3E1.1(a) is 16 or greater.

8. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Gibson is 20 (the "agreed total Guidelines offense level").

9. The parties agree not to seek or argue for any upward or downward departure, adjustment, or variance not set forth herein.

10. Gibson knows that he has and, except as noted below in this paragraph, voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 20. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the total agreed Guidelines offense level of 20. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

11. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or oppose any appeal, collateral attack, writ, or motion not barred by the preceding paragraph.