<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br>       v.<br><br>TIMOTHY GIBSON,<br><br>                     Defendant. | Crim. No. 20-00441 (GC)<br>Crim. No. 22-00320 (GC)<br><br>**MEMORANDUM OPINION** |

**<u>CASTNER, District Judge</u>**

This matter comes before the Court upon Defendant Timothy Gibson's Motions for Reconsideration (Crim. No. 20-441, ECF No. 169-1; Crim. No. 22-320, 80-1), which ask the Court to reconsider its prior Order denying Defendant's Motions to Vacate his guilty pleas in two criminal actions: (1) *United States v. Gibson et al.*, Crim. No. 20-441 (the "New Jersey case"), and (2) *United States v. Gibson*, Crim. No. 22-320 (the "Utah case"). The Government opposed. (Crim. No. 20-441, ECF No. 175; Crim. No. 22-320, ECF No. 86.) The Court has carefully considered the parties' submissions and decides the Motions without oral argument pursuant to Local Civil Rule 78.1(b).[1] For the reasons set forth below, and other good cause shown, Defendant's Motions are **DENIED**.

**I.     <u>BACKGROUND</u>**

Considering the several written opinions already issued in this case, the Court assumes the parties' familiarity with the underlying facts and procedural history and incorporates such by

---

[1]     Local Civil Rule 78.1 applies to criminal cases in this District. *See* L. Cr. R. 1.1.

reference. (*See* Crim. No. 20-441, ECF Nos. 118, 150, 164, 173.[2]) Defendant was indicted in the District of New Jersey on one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, (Crim. No. 20-441, ECF No. 50), and was charged via Information in the District of Utah on one count of bank fraud in violation of 18 U.S.C. §§ 1344 and 2, and two counts of making a false statement to a bank in violation of 18 U.S.C. § 1014, (Crim. No. 22-320, ECF No. 1-1). Defendant subsequently entered into plea agreements in both cases and signed a Rule 20 form,[3] consenting to the disposition of the Utah case in the District of New Jersey. (*See* Crim. No. 20-441, ECF No. 50; Crim. No. 22-320, ECF Nos. 1 & 5.) On May 16, 2022, Defendant entered guilty pleas to the aforementioned charges in the District of New Jersey in accordance with the plea agreements. (*See* Crim. No. 20-441, ECF Nos. 91-93; Crim. No. 22-320, ECF Nos. 2-5.)

After Defendant entered guilty pleas in both cases, he retained new counsel. (Crim. No. 20-441, ECF Nos. 107 & 110; Crim No. 22-320, ECF Nos. 16 & 18.) Defendant then moved to vacate his guilty pleas, arguing, among other things, that his prior attorneys rendered ineffective assistance in advising him to plead guilty. (*See* Crim. No. 20-441, ECF No. 141-1 at 30-32; Crim. No. 22-320, ECF No. 50-1 at 45-48.) Because Defendant was asserting ineffective assistance of counsel, the Court determined Defendant implicitly waived the attorney-client privilege and work-product protection. *See United States v. Gibson*, Cr. No. 20-00441, Cr. No. 00320, slip op. at 14

---

[2] Page numbers for record cites (i.e., "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[3] Under Federal Rule of Criminal Procedure 20(a), "[a] prosecution may be transferred from the district where the indictment or information is pending . . . if: (1) the defendant states in writing a wish to plead guilty . . . and to waive in the district where the . . . information . . . is pending, consents in writing to the court's disposing of the case in the transferee district, and files the statement in the transferee district; and (2) the United States attorneys in both districts approve the transfer in writing."

(D.N.J. Sep. 26, 2024) (Redacted Version). As a result, the Court ordered Defendant's prior counsel, Matthew Adams, to address Defendant's claims. *Id.* Adams submitted a declaration (Adams Declaration) in response to the Court's Order. (*See* Crim. No. 20-441, ECF No. 150; Crim. No. 22-320, ECF No. 60.) That declaration was filed prior to the Government's response to Defendant's Motions and Defendant's reply to the Government's response. (*See* Crim. No. 20-441, ECF No. 155 & 163; Crim. No. 22-320, ECF No. 65 & 73.)

On September 6, 2024, the Court issued a 46-page decision denying Defendant's Motions to Vacate his guilty pleas. (*See* Crim No. 20-441, ECF Nos. 164, 165, 173; Crim No. 22-320, ECF Nos. 74, 75, 84.) Defendant subsequently filed the instant Motion asserting that: (1) new evidence exists that was not available at the time the original Motions to Vacate were filed, (2) the Court applied the incorrect legal standard in determining whether Defendant stated a fair and just reason for withdrawing his guilty pleas, and (3) the Court erred in not "appreciate[ing] that the restitution amount at issue rendered the entire plea agreement defective." (*Id.*)

## II. <u>LEGAL STANDARD</u>

"While not expressly authorized by the Federal Rules of Criminal Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i)." *United States v. Mattia*, Cr. No. 21-00576, 2024 WL 3540448, at *1 (D.N.J. July 25, 2024) (quoting L. Civ. R. 1.1(a)). The Local Civil Rules "supplement the Federal Rules of Criminal Procedure 'and are applicable in all proceedings when not inconsistent therewith.'" *Id.*; *United States v. Akinola*, Cr. No. 11-310, 2017 WL 1179149, at *1 (D.N.J. Mar. 27, 2017); *see also United States v. Bergrin*, Cr. No. 09-369, 2013 WL 4501469, at *1 (D.N.J. Aug. 22, 2013) (noting that the local civil rules apply to "criminal cases tried in the District of New Jersey" (quoting L. Civ. R. 1.1)). Local Rule 7.1(i) permits "a party to file a motion with the Court requesting the Court to reconsider the 'matter

or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked.'" *United States v. Rensing*, Cr. No. 12-663, 2022 WL 3227131, at *3 (D.N.J. Aug. 10, 2022) (quoting L. Civ. R. 7.1(i)); *see also Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule.").

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Danise v. Saxon Mortg. Servs. Inc.*, 738 F. App'x 47, 52 (3d Cir. 2018) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Accordingly, reconsideration is appropriate only if the moving party shows at least one of the following grounds for relief: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [denied] the motion . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A court commits clear error of law only if the record cannot support the findings that led to that ruling." *Mattia*, 2024 WL 3540448, at *2. "Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it." *Id.*

Importantly, "[r]elief by way of a motion for reconsideration is considered an 'extraordinary remedy,' to be granted only sparingly." *United States v. Hough*, Cr. No. 02-649, 2011 WL 900111, at *1 (D.N.J. Mar. 15, 2011) (citing *NL Indus. Inc. v. Com. Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1999)); *Rensing*, 2022 WL 3227131, at *3. Reconsideration is inappropriate where "the movant simply repeats the cases and arguments previously analyzed by the court" or where "the movant has filed the motion merely to disagree with or relitigate the court's initial decision." *CPS MedMgmt. LLC v. Bergen Reg'l Med. Center, L.P.*, 940 F. Supp. 2d 141, 167-68 (D.N.J. 2013). In other words, "a request to get a second bite at the apple . . . is not a

basis for reconsideration." *Jaffal v. Thompson*, Civ. No. 18-5237, 2020 WL 13669948, at *1 (D.N.J. Nov. 30, 2020).

"Because the requirements are so stringent, motions for reconsideration typically are not granted." *CPS MedMgmt.*, 940 F. Supp. 2d at 168. Therefore, "[u]nless a court has truly failed to consider pertinent authorities or evidence that could not with reasonable diligence have been presented earlier, a motion to reconsider a decision (even one that may contain an error) is generally futile." *Id.*

## III.   DISCUSSION

Defendant offers three arguments in his Motion for Reconsideration. The Court addresses each argument in turn.

### A. New Evidence

Defendant argues that his Motion for Reconsideration should be granted because there is new evidence—specifically, the Adams Declaration—"that did not exist when the original motion was filed" and that "the new evidence arose because the original motion was filed." (*See* Crim. No. 20-441, ECF No. 169-1 at 2; Crim. No. 22-320, ECF No. 80-1 at 2.)

Subsumed within this argument, Defendant suggests that the Court did not "accept all of" the Adams Declaration. (*Id.*) Particularly, the Court and the Government failed to acknowledge that the Adams Declaration supports the position that the parties entered into negotiations and considered the intended monetary loss to the victim as opposed to the actual monetary loss[4]

---

[4]   In the context of fraud related offenses, the Sentencing Guidelines provide a sentencing enhancement based on the amount of monetary loss. *See* U.S.S.G. § 2B1.1(b)(1); *see also United States v. Banks*, 55 F.4th 246, 257 (3d Cir. 2022) ("As the victim's monetary loss grows, so too does the enhancement to the defendant's offense level.").

contrary to the mandates of *United States v. Banks*, 55 F.4th 246 (3d Cir. 2022).[5] (*See* Crim. No. 20-441, ECF No. 169-1 at 3-7; Crim. No. 22-320, ECF No. 80-1 at 3-7.) Defendant asserts that the intended loss to the victim is $1,120,068 while the actual loss is $117,068—the amount in restitution Defendant agreed to pay in the plea agreement.[6] (*See* Crim. No. 20-441, ECF No. 169-1 at 3-4; Crim. No. 22-320, ECF No. 80-1 at 3-4.)

In response, the Government argues that Defendant has not identified any new evidence warranting reconsideration. (Crim. No. 20-441, ECF No. 175 at 2; Crim. No. 22-320, ECF No. 86 at 2.)

First, the Court agrees with the Government that Defendant has failed to identify any "new evidence that was not available when the court [denied] the motion[.]" *Max's Seafood Café*, 176 F.3d at 677. "[T]here is a strong policy against entertaining reconsideration motions based on evidence that was readily available at the time that the original motion was heard." *Minnebo v. Metal Supermarkets Franchising Am. Inc.*, Civ. No. 22-05999, 2024 WL 1928458, at *2 (D.N.J. Apr. 30, 2024) (quoting *S.C. Deptford Twp. Bd. of Educ.*, 248 F. Supp. 2d 368, 381 (D.N.J. 2003)). Here, the Adams Declaration was available prior to the Government's response to Defendant's Motions to Vacate the Plea and Defendant's reply. (*See* Crim. No. 20-441, ECF No. 155 & 163; Crim. No. 22-320, ECF No. 65 & 73.) As a result, the Court does not deem the Adams Declaration as new evidence that was previously unavailable at the time Defendant's Motions were denied, because he had the opportunity to address the Adams Declaration in his submissions to the Court.

---

[5]   In *Banks*, the Third Circuit held that the loss enhancement in U.S.S.G. § 2B1.1(b)(1) only applies if the Government can show an actual loss as opposed to an intended loss. 55 F.4th at 257-58.

[6]   At the time of sentencing, if the determined loss is $1,120,068, Defendant's offense level would be increased by 14. *See* U.S.S.G. § 2B1.1(b)(1)(H). If the determined loss is $117,068, Defendant's offense level would be increased by 8. *See id.* § 2B1.1(b)(1)(E).

*See Centennial Plaza Prop., LLC v. Trane U.S. Inc.*, Civ. No. 22-1262, 2022 WL 3098111, at *2 (D.N.J. Aug. 4, 2022) (noting that letters in the plaintiffs' possession, prior to the court rendering its decision, were not new pieces of evidence for purposes of a motion for reconsideration); *see also Barton v. Mid-Atl. Flooring Ventures Inc.*, Civ. No.13-4592, 2017 WL 119470, at *4 (D.N.J. Jan. 12, 2017) (noting that "reconsideration may be appropriate in light of the availability of new evidence that was not available when the court ruled upon the underlying motion").

Second, the Court rejects Defendant's argument that the Court failed to "accept all of" the Adams Declaration. (*See* Crim. No. 20-441, ECF No. 169-1 at 2; Crim. No. 22-320, ECF No. 80-1 at 2.) The Court did consider the Adams Declaration in its 46-page decision denying Defendant's Motions. *See Gibson*, Cr. No. 20-00441, Cr. No. 00320, slip op. at 14-15 (discussing the Adams Declaration in detail).

Defendant's assertions regarding the intended loss versus actual loss are equally meritless. Pursuant to the Indictment and the Adams Declaration, the asserted actual loss in this case is approximately $8.2 million dollars. (Indictment, Crim. No. 20-441, ECF No. 50 at 8). The Adams Declaration indicates that through counsel's efforts, the Government agreed to a loss amount of $1,120,068 as set forth in the plea agreement. *Id.*

Finally, the Court notes that Defendant cites no authority in support of his arguments. (*See* Crim. No. 20-441, ECF No. 169-1 at 2-7; Crim. No. 22-320, ECF No. 80-1 at 2-7) (providing only a cursory citation to *Banks*).

Therefore, the Court rejects Defendant's new evidence argument.

### B. Incorrect Legal Standard

Defendant next argues that "the court applied an incorrect legal standard in determining whether [Defendant] states a 'fair and just reason' for withdrawing his pleas." (*See* Crim. No. 20-

441, ECF No. 169-1 at 8-10; Crim. No. 22-320, ECF No. 80-1 at 8-10.)  Specifically, Defendant appears to argue that "the Court conflated the first two [factors]" relevant to whether a defendant can withdraw a guilty plea, and that the Court "applied an incorrect standard by elevating a consideration under the second [factor] (the need to explain contradictions) as wholly dispositive of its analysis."  (*Id.*); *see also United States v. Wilder*, 134 F. App'x 527, 528 (3d Cir. 2005) (quoting *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003)) (outlining the three factors relevant to whether a defendant may withdraw a guilty plea).  The Government counters and asserts that the Court did not err because it analyzed all three factors.  After careful consideration, the Court finds that Defendant's argument lacks merit.

To successfully move to withdraw a guilty plea, a defendant must provide a "fair and just reason" to do so.  *See* Fed. R. Crim. P. 11(d)(2)(B).  Whether "fair and just" reasons justify withdrawal of a plea depend on three factors: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal."  *United States v. Rivera*, 62 F.4th 778, 788 (3d Cir. 2023) (quoting *Jones*, 336 F.3d at 252).  "The defendant 'bears a substantial burden of showing a fair and just reason for the withdrawal of his plea.'"  *Id.* (quoting *United States v. Siddons*, 660 F.3d 699, 703 (3d Cir. 2011)).

Defendant's argument hinges on the following passage from *United States v. Wilder*, where the Third Circuit discusses the three factors district courts consider in ruling on a motion to withdraw a guilty plea:

> This analysis requires that a district court consider each factor, but critically, does not make any one mandatory such that failure to establish one will necessarily dictate rejection of the motion.  That the analysis is one of consideration and balancing is shown by its application in *Jones* where we considered the defendant's argument

8

> on the second factor, despite having already concluded that he had failed to meaningfully assert his innocence.
>
> [*Wilder*, 134 F. App'x at 528 (citing *Jones*, 336 F.3d at 252-255).]

Under *Wilder* a district court must consider all three factors,[7] and no one factor is dispositive. Here, the Court considered and analyzed all three factors separately and determined that each factor weighed against withdrawal of Defendant's guilty pleas. *See Gibson*, Cr. No. 20-00441, Cr. No. 00320, slip op. at 19-46 (analyzing factors relevant to motions to withdraw guilty pleas and determining that each factor weighed against withdrawal); *see also United States v. Sgarlat*, 705 F. Supp. 2d 347, 361 (D.N.J. 2010) (finding that two of the three factors weighed against withdrawal, and therefore the motion to withdraw should be denied). Therefore, the Court correctly applied the legal standard for a motion to vacate a guilty plea.

## C. Illegality of Restitution

Finally, Defendant argues that "the Court failed to appreciate that under [T]hird [C]ircuit law the illegal restitution amount rendered the entire plea agreement defective." (*See* Crim. No. 20-441, ECF No. 169-1 at 11-12; Crim. No. 22-320, ECF No. 80-1 at 11-12). Defendant's argument lacks merit.

First, Defendant fails to cite any authority to support his argument. (*See id.*) Second, Defendant's argument fails to appreciate the plain text of his plea agreement. As this Court previously explained, the plea agreement provides two restitution provisions: (1) "the sentencing judge . . . may order [Defendant] to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*," and (2)

---

[7] In the wake of *Wilder*, courts have determined that factor three—prejudice to the Government—need not be considered in all cases. *See, e.g.*, *United States v. Pichardo*, Cr. No. 21-289, 2023 WL 3644952, at *2 (D.N.J. May 24, 2023) (citing *United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005)).

9

"[i]n addition to the foregoing, and pursuant to 18 U.S.C. § 3663(a)(3), [Defendant] agrees to pay restitution in the amount of $117,068 to the [victim]." (Crim. No. 20-441, ECF No. 93 at 2-3.); *see Gibson*, Cr. No. 20-00441, Cr. No. 00320, slip op. at 27-28. "Taken together, the provisions mean that [Defendant] agreed to pay an amount of restitution, and the Court may order [Defendant] to pay a different amount." *Gibson*, Cr. No. 20-00441, Cr. No. 00320, slip op. at 28. Because the plea agreement does not bind this Court to the specified restitution amount detailed therein, the plea agreement is not invalid as Defendant suggests. *See also United States v. Michelson*, Cr. No. 09–748–01, 2012 WL 1079626, at * 4 (D.N.J. Mar. 30, 2012) (finding that the defendant could not point to evidence indicating a monetary cap on the amount of restitution to be awarded that would bind the Court at sentencing). At the time of sentencing, the Court will decide the amount of restitution by considering the appropriate restitution provisions. *See* 18 U.S.C. §§ 3663(a)(3), and 3663A(b)(1)(B).

In sum, the Court finds that each of Defendant's arguments in support of his Motions for Reconsideration are simply efforts to "get a second bite at the apple," *Jaffal*, 2020 WL 13669948, at *1, and do not meet the "stringent" standard for a motion for reconsideration, *see CPS MedMgmt.*, 940 F. Supp. 2d at 168. Defendant has not shown an intervening change in the controlling law, new evidence that was not available when the Court denied Defendant's Motions to Vacate his guilty pleas, or the need to correct a clear error of law or fact or to prevent manifest injustice. *See Max's Seafood Café*, 176 F.3d at 677.

## IV. CONCLUSION

For the reasons set forth above, and other good cause shown, Defendant's Motions for Reconsideration are **DENIED**. An appropriate Order follows.

Dated: October 11, 2024

*Georgette Castner*
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**